UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:20-22520-CIV-BECERRA
(CONSENT CASE)

**CONSENT CASE**

MARCO ANTONIO DIAZ and all other similarly
situated individuals under 29 U.S.C. 216(b)

        Plaintiff,

vs.

FLORIDA MERCHANT SERVICE, INC.
JUAN J. ROMERO

        Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE**

Plaintiff MARCO ANTONIO DIAZ and Defendants FLORIDA MERCHANT SERVICE,

INC. and JUAN J. ROMERO, by and through undersigned counsel, hereby file their Joint Motion

for Approval of Settlement Agreement, and Dismissal with Prejudice and respectfully state as

follows:

    1.    Plaintiff and Defendants reached an amicable resolution in this matter at mediation

on May 12, 2021.

    2.    Plaintiff filed a complaint alleging violations under the Fair Labor Standards Act

(FLSA) whereby Plaintiff alleged that he was not properly paid his overtime wages. Plaintiff also

alleged unpaid commissions and breach of contract.

    3.    Defendants disputes any liability. Defendants dispute Plaintiff's allegation that he

was not paid his overtime wages, commissions, or for other contracted services. Defendants

contend that Plaintiff was not entitled to recover overtime wages either as independent contractor,

exempt as an outside salesperson, and/or exempt as a commissioned employee. Further, Defendants dispute the number of hours that Plaintiff claims to have worked. Based on these, and other defenses it could have raised, Defendants contend that Plaintiff is not entitled to recover any overtime wages under the FLSA.

4.      The parties have agreed to resolve this matter after careful consideration of the risks and additional expenses involved in continuing litigation of this matter.

## Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned

the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Plaintiff contends that he worked approximately 55 hours per week and was not paid overtime wages. Further, Plaintiff contends that he was not paid commissions for work during the last month of work.

Defendants contend that Plaintiff was an independent contractor and is, thus, not a covered individual under the FLSA. Defendants contend that Plaintiff's main duties were those of an outside salesperson and thus Plaintiff is exempt from the FLSA. Further, Defendants method of payment fall within the commissioned exemption under the FLSA and thus Plaintiff is exempt from the FLSA. Lastly, Defendants dispute the number of hours claimed by Plaintiff and contend that Plaintiff did not work more than 40 hours per week. Defendants also believe they have acted in good faith and thus liquidated damages should not be imposed. For these and other defenses,

Defendants contend that Plaintiff is not entitled to overtime wages. Accordingly, whether Plaintiff is owed any wages, and the amount owed are in dispute.

Due to the uncertainties of litigation, Plaintiff could have prevailed on all or part of his claims. Had Defendant prevailed on any of its raised exemption then Plaintiff would at best be entitled to $1,817.60 as commissions for the last month subject to Defendants' affirmative defense of setoff. Defendants have further presented various defenses to the commission. However, in order to avoid the uncertainties of litigation, the Parties have made a business decision to amicably resolve this matter. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing at all, and therefore are receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice with the Court retaining jurisdiction to enforce the agreement, and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As payment of the settlement funds are due after Court approval, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See Anago Franchising, Inc. v. Shaz, LLC, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, Plaintiff MARCO ANTONIO DIAZ and Defendants FLORIDA MERCHANT SERVICE, INC. and JUAN J. ROMERO respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice against Defendants; (3) and the Court retaining jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: June 11, 2021

J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st St Ste 605
Miami Beach, FL 33141
Tel: 305-865-6766
Email: zabogado@aol.com

By: */s J H Zidell*
J H. Zidell, Esq.
Florida Bar Number: 0010121

Mamane Law LLC
Attorney for Defendant
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Tel: (305) 773 - 6661
Email: Mamane@gmail.com

By: */s/ Isaac Mamane*_____
   Isaac Mamane, Esq.
   Florida Bar Number: 44561