## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

**FLORIDA MERCHANT SERVICE, INC,** including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns; and **JUAN J. ROMERO**, including his heirs, representatives, attorneys, successors, and assigns (collectively referred to as "Defendants"), **MARCO ANTONIO DIAZ,** including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff") (collectively, the "Parties") for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the parties unconditionally and mutually release and discharge each other, their successors, assigns, agents, shareholders, owners, managers, officers, and directors (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which each party now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with, Plaintiff's alleged employment with, or the separation of his alleged employment with, the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. The claims, demands, liabilities, and causes of action being mutually released and discharged by the Parties herein include, but are not limited to all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled MARCO ANTONIO DIAZ vs. FLORIDA MERCHANT SERVICE, INC. and JUAN J. ROMERO, Case No.: 20-22520-CIV-MARTINEZ/BECERRA pending before the U.S. District Court for the Southern District of Florida.

2. **Settlement Amount, Attorney's Fees and Costs.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Twenty-Five Thousand Dollars and no Cents ($25,000.00) to be paid in two installment payments as follows; (1) Twelve Thousand Five Hundred and no Cents ($12,500.00) due on or before June 12, 2021; and (2) Twelve Thousand Five Hundred and no Cents ($12,500.00) to be delivered on June 12, 2021 with a postdate of July 12, 2021. Defendants also agree to pay the full mediation cost for the mediation held between the Parties on May 12, 2021.

DIAZ _____     ROMERO _____

Plaintiff's counsel shall disburse checks upon the Court approving this Agreement. Plaintiff's counsel shall hold any postdated checks in trust and shall not deposit said checks until the date indicated on the check. Payment shall be delivered to J. H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, FL 33141.

Out of the settlement proceeds Plaintiff DIAZ shall receive a total of Nine Thousand Two Hundred Dollars and No Cents ($9,200.00) as unpaid overtime wages, liquidated damages, breach of contract, commissions, and other damages that Plaintiff may be entitled to. Plaintiff's counsel shall receive a total of Ten Thousand Five Hundred Fifteen Dollars and 50 Cents ($10,515.50) as attorney's fees and Five Thousand Two Hundred Eighty Four and 50 Cents ($5,284.50) as costs incurred in this litigation. Plaintiff authorizes Plaintiff's counsel to accept and disburse the amounts due to Plaintiff. All sums shall be reported through a Form 1099 for the calendar year they are delivered. Plaintiff and Plaintiff's counsel shall provide Defendants' counsel with a signed W-9 form upon the signing of the settlement agreement.

**3.     Default Provision**: Should Defendants fail to make payments of the settlement funds or if the checks are returned for insufficient funds pursuant to paragraph 2 of this agreement, Plaintiff's counsel shall give written notice via Email to Isaac Mamane, Esq. and Daniel T. Feld, Esq. at Mamane@gmail.com and DanielFeld.Esq@gmail.com, after which Defendants will have 5 business days from the notice to cure said breach. In the event Defendants fail to cure said breach within five business days of the notice, a default judgment in the amount of Thirty-Two Thousand Five Hundred Dollars and no Cents ($32,500.00) less a credit for payments received by Plaintiff, which shall be entered, jointly and severally, against Defendants.

**4.     Covenant of Confidentiality.** The Parties agree that the terms and conditions of this Agreement are strictly confidential and, with the exception of a Parties' spouse, counsel, accountant, pursuant to a subpoena, to enforce this contract, or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval by Defendants. Plaintiff agrees that he will not contact any current or former employee of the Defendants to discuss his litigation, claims, and/or the settlement of his claims. Plaintiff further agrees that, to the extent possible, the parties will attempt to seek court approval without filing the Agreement publicly on the docket.

**5.     No Re-Hire**: Plaintiff hereby agrees and recognizes: (a) that Plaintiff's work with Defendants has ended and Plaintiff will not re-apply for or otherwise seek employment or contracted services with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendants or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

DIAZ             ROMERO 

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Mutual Non-Disparaging Remarks and Neutral Reference**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will either Party make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or to Plaintiff's claim for overtime/minimum wages.

8. **Acknowledgement of Receipt of All Wages Due.** Plaintiff acknowledges that he has been paid all wages owed to his as of the date of execution of this Agreement and that he is not entitled to any minimum wages, overtime payments, commissions, contracted services, vacation time pay, or other amounts above and beyond the amounts paid per this agreement.

9. **Affirmations**. Plaintiff affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement and General Release. Plaintiff furthermore affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

10. **Successors and Assigns**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. The Parties' expressly warrant that the Parties have not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Representation by Plaintiff.** Plaintiff represents that, as of the date that this Agreement is executed, he is not aware of any additional claims that he may have against the Defendants, has not, and does not intend to file any claims, demands, liabilities, and causes of action against the Released Parties.



DIAZ _____   ROMERO _____

**13.** <u>No Pending Actions And Mutual Covenant Not To Sue</u>. With the exception of the Lawsuit referenced above, Plaintiff represents that, as of the date of this Agreement, Plaintiff has not filed any complaint, claims, counter claims, third party claims or actions against Defendants, their officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that Plaintiff will not do so at any time hereafter for any matters that transpired prior to the signing of this agreement. Defendants represent that, as of the date of this Agreement, Defendants have not filed any complaint, claims, counter claims, third party claims or actions against Plaintiff and that Defendants will not do so at any time hereafter for any matters that transpired prior to the signing of this agreement. Should any party violate this provision, the breaching party shall be liable to the non-breaching party for their reasonable attorney's fees and other litigation costs and expenses incurred in defending such an action.

**14.** <u>ADEA Compliance.</u> In accordance with the ADEA, Employee is advised that he has twenty-one (21) days from receipt of this Agreement to consider the Agreement, and seven (7) days after signing to revoke his acceptance in writing. Employee has been advised to, and has, consulted with an attorney, and he is entering into this Agreement knowingly, voluntarily, and without pressure. Employee agrees and acknowledges that he is not entitled to any settlement funds provided in paragraph 2, and his attorney is not permitted to release, distribute, or deposit the settlement funds provided in this Agreement until the 8th day following Employee's execution of this Agreement. Any revocation in writing shall be sent to Employers Attorney:

> Isaac Mamane, Esq.
> Mamane Law LLC
> 10800 Biscayne Blvd., Suite 650
> Miami, Florida 33141

**15.** <u>Agreement Not to Be Used as Evidence</u>. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. The Parties, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**16.** <u>Dismissal</u>: Within 7 calendar days of Plaintiff signing of this agreement, the parties will caused to be filed in the Federal cause of action a joint motion for approval of the parties' settlement agreement and dismissal with prejudice with the court to retain jurisdiction to enforce the terms of this agreement.

**17.** <u>Severability</u>. Should the Court not approve this settlement agreement, the parties agree that the entire settlement agreement is null and void. If after the Court approves this settlement agreement there is a dispute between the parties where one or more terms or



DIAZ_____

4 of 5

ROMERO_____

provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law. Should

**18.  Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

**19.  Enforcement.** In the event that any action is commenced to enforce this Agreement, the prevailing Party shall be entitled to reasonable fees and costs.

**20.  Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, has had the agreement translated if necessary, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement and is in fact represented by an attorney, that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

**21.  Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

**AGREED TO BY THE PARTIES BELOW:**

By: _____
MARCO ANTONIO DIAZ

Date: 05-26-2021

By: _____
JUAN J. ROMERO, individually and as representative of FLORIDA MERCHANT SERVICE, INC.

Date: 05.24.2021